Filed 9/25/23  P. v. Cruz CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT JESSE CRUZ, JR.,<br><br>    Defendant and Appellant. | A165989<br><br>(Sonoma County<br>Super. Ct. No. SCR295361) |

Defendant Robert Jesse Cruz, Jr. appeals the denial of his petition for resentencing under Penal Code[1] section 1172.6.  His appointed counsel filed a brief raising no arguable issues and requesting we exercise our discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) to review the record for arguable issues in the manner required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Defendant filed a supplemental brief.  We affirm.

## BACKGROUND

In 2001, a jury convicted defendant of second degree murder (§ 187) and found true enhancements for personal gun use causing death (§ 12022.53, subd. (d)), intentional discharge of a firearm (§ 12022.53, subd.

---

[1] Further undesignated statutory references are to the Penal Code.

1

(c)), and personal gun use (§§ 12022.5, subd. (a)(1), 12022.53, subd. (b)). He was sentenced to 15 years to life for second degree murder, plus a consecutive term of 25 years to life for the enhancement for personal gun use causing death. The remaining enhancements were stayed. (*People v. Cruz* (June 24, 2003, A095643) [nonpub. opn.] (*Cruz*).)

On direct appeal, this court summarized the evidence from trial, which included defendant's testimony admitting he had shot his girlfriend's brother, Lenard G., who died from the gunshot wounds. (*Cruz, supra*, A095643.) At trial, defendant argued he had shot Lenard either in self-defense, in which case he should be acquitted, or in the mistaken belief that he was acting in self-defense, in which case he should be found guilty of voluntary manslaughter. The jury rejected these claims. This court affirmed the judgment. (*Cruz, supra*, A095643.)

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill also established a procedure under former section 1170.95, now section 1172.6[2], for eligible defendants to petition for resentencing. (Stats. 2018, ch. 1015, § 4.)

In March 2019, defendant filed his first petition for resentencing under section 1172.6, alleging he had been prosecuted under either a felony murder

---

[2] The Legislature renumbered the statute as section 1172.6, with no change in text, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.) For ease of reference, we will cite to section 1172.6 throughout this opinion.

theory or the natural and probable consequences doctrine; he was convicted of first or second degree murder; and he could not currently be convicted of murder because of the recent changes made by Senate Bill No. 1437.

The trial court denied the petition, finding defendant did not make a prima facie showing for eligibility for relief because he "admitted shooting Lenard" and "the jury was not instructed on the felony-murder or the natural-and-probable-consequences theories of murder."

On February 14, 2022, defendant filed a second petition for resentencing under section 1172.6 based on the same allegations as his first petition.

On June 21, following the appointment of counsel, receipt of briefing, and holding a hearing, the trial court denied the second petition for the same reasons it denied the first petition.

This appeal followed.[3] We subsequently appointed counsel to represent defendant.

## DISCUSSION

### Procedures under *Delgadillo*

In *Wende, supra*, 25 Cal.3d 436, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo, supra*, 14 Cal.5th at p. 221.)

---

[3] Although the trial court issued its denial of the second petition on June 21, 2022, and defendant's notice of appeal was not filed until August 24, 2022, more than 60 days after the rendition of the order (Cal. Rules of Court, rule 8.406(a)(1)), the record indicates defendant mailed the notice of appeal from prison prior to the deadline to appeal. Under the circumstances, we deem the appeal timely. (See *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 110; *In re Jordan* (1992) 4 Cal.4th 116, 118–119.)

The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Delgadillo*, at p. 221.)

In *Delgadillo*, our Supreme Court held that a *Wende* analysis is not applicable to a trial court's order denying a petition for postconviction relief under section 1172.6, because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo*, *supra*, 14 Cal.5th at p. 222.) The court also determined that general due process principles regarding fundamental fairness do not compel a *Wende* review of the order. (*Delgadillo*, at pp. 229–232.)

*Delgadillo* held that instead of using the process outlined in *Wende*, appointed counsel and the appellate court should do the following: "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo*, *supra*, at pp. 231–232.)

"If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

"The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues. . . . While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual

4

section 1172.6 appeal." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

Defendant's appellate counsel filed a brief raising no issues and requesting that we exercise our discretion to independently review the record for error pursuant to *Delgadillo*. The brief includes counsel's declaration that states defendant was advised he could file his own brief with this court. On May 11, 2023, we notified defendant that the appeal would be dismissed as abandoned if he failed to submit a supplemental brief or letter within 30 days. On May 16, we received defendant's one-page supplemental letter.

**Analysis**

Turning to the issues raised in defendant's supplemental letter, he asserts appellate counsel was ineffective for filing a brief under *Delgadillo*, instead of filing motions based on "new laws that [were] signed by Governor Newsom." The "new laws" he cites are apparently four Assembly Bills and four Senate Bills: "AB 256 . . . [,] AB 960 . . . [,] SB 467 . . . [,] SB 483 . . . [,] AB 1540[,] SB 775[,] AB 124[,] [and] SB 81."[4] He also refers to a

---

[4] Assembly Bill No. 256 (2021–2022 Reg. Sess.) amended the California Racial Justice Act of 2020 to authorize the prosecution of writ of habeas corpus or filing of a motion under section 1473.4 for defendants who can prove they were convicted or sentenced based on their "race, ethnicity, or national origin" in cases where judgment was entered prior to January 1, 2021. (Stats. 2022, ch. 739, §§ 2, 3, eff. Jan. 1, 2023.)

Assembly Bill No. 960 (2021–2022 Reg. Sess.) amended the procedures as to compassionate release requests from the Department of Corrections and Rehabilitation of prisoners who are terminally ill or permanently medically incapacitated. (Stats. 2022, Ch. 744, §§ 1–3, eff. Jan. 1, 2023.)

Senate Bill No. 467 (2021–2022 Reg. Sess.) amended section 1473 to allow a defendant to prosecute a habeas petition if false evidence was introduced at a hearing or trial; new evidence exists; or "[a] significant dispute has emerged or further developed in the petitioner's favor regarding

5

"U.S. Supreme Court" ruling, which case name he cannot recall, stating "that enhancements can-not [*sic*] supersede . . . the base-term . . . ." Defendant therefore requests "new appointment of counsel."

With the exception of the claim based on Senate Bill No. 775[5], defendant's assertions challenge the original judgment and sentence on

---

expert medical, scientific, or forensic testimony . . . ." (Stats. 2022, Ch. 982, §§ 1, 1.5, eff. Jan. 1, 2023.)

Senate Bill No. 483 (2021–2022 Reg. Sess.) added section 1171.1 to the Penal Code, later renumbered as section 1172.75, which provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12, eff. June 30, 2022.)

Assembly Bill 1540 (2021–2022 Reg. Sess.) moved the recall and resentencing provisions of section 1170, subdivision (d)(1) to newly added section 1170.03 and clarified the standards a trial court must employ when considering a Department of Corrections and Rehabilitation recommendation to recall and resentence a defendant. (Stats. 2021, ch. 719, §§ 1–2, 4, eff. Jan. 1, 2022.)

Senate Bill No. 775 (2021–2022 Reg. Sess.) among other changes expanded former section 1170.95's provisions to include persons convicted of attempted murder and manslaughter. (Stats. 2021, ch. 551, §§ 1, 2, eff. Jan. 1, 2022.)

Assembly Bill No. 124 (2021–2022 Reg. Sess.) amended section 1170 by creating a presumption in favor of the lower term where specified circumstances were "contributing factor[s] in the commission of the offense," unless the trial court finds that "the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (Stats. 2021, ch. 695, §§ 5–6, eff. Jan. 1, 2022.)

Senate Bill No. 81 (2021–2022 Reg. Sess.) amended section 1385 in various respects to alter a trial court's discretion to dismiss enhancements in the interest of justice. (Stats. 2021, ch. 721, § 1, eff. Jan. 1, 2022.)

[5] Which is patently inapplicable here, because it addresses individuals convicted of attempted murder or manslaughter, and defendant was not convicted of either. (Stats. 2021, ch. 551, §§ 1, 2, eff. Jan. 1, 2022.)

grounds unrelated to his eligibility for relief under section 1172.6. They are thus not cognizable on appeal from an order denying relief under that statute. (See *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error"].)

Even if the issues were cognizable, to the extent they assert ineffective assistance of appellate counsel for filing the *Delgadillo* brief instead of motions at defendant's request, they fail. There is no constitutional right to effective assistance of counsel in postconviction proceedings or proceedings to obtain collateral relief from a judgment of conviction. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 226–227.)

And even if there were, defendant has not demonstrated that appellate counsel's performance fell below an objective standard of reasonableness, or that any such performance prejudiced him as a result. (See *Strickland v. Washington* (1984) 466 U.S. 668, 687–688; *People v. Ledesma* (1987) 43 Cal.3d 171, 216–218.) Defendant claims that counsel should have filed motions on his behalf based on a number of "new laws" he lists. As to the first two ("AB 256" and "AB 960"), he purports to describe, in very conclusory fashion, what they pertain to. As to the third ("SB 483"), he mentions a debate he had with counsel about the exact sentence he received, a point that has nothing to do with the legislation cited. As to the next set of laws, defendant merely lists them without offering any argument. And finally, he attempts to cite to "U.S. Supreme Court ruling" but cannot recall the specific case name. In short, defendant fails to explain how counsel was deficient for not filing motions based on these authorities, much less establish that the

7

motions would have been successful.  This conclusory showing falls well short of establishing inadequate representation.  (See *People v. Ashmus* (1991) 54 Cal.3d 932, 1011, fn. 29 [" 'Defendant has the burden of establishing,' on the basis of 'the record on appeal' and by means of 'facts, not speculation,' that 'counsel rendered ineffective assistance.' [Citation.]  He has not done so"], abrogated on other grounds in *People v. Yeoman* (2003) 31 Cal.4th 93, 117; *People v. Alvarez* (1996) 14 Cal.4th 155, 241, fn. 38 [claim of ineffective assistance was " 'assert[ed] . . . perfunctorily,' and '[w]e deny it in the same fashion' "].)

Finally, we decline counsel's request that we independently review the record, which, as counsel recognizes, is not required by law.  (*Delgadillo, supra,* 14 Cal.5th at p. 232.)  There is nothing before us that suggests such an exercise is necessary.  This court reviewed the record on direct appeal from defendant's conviction; the trial court reviewed it two more times in connection with defendant's two resentencing petitions under section 1172.6; and his counsel in this appeal has reviewed it thoroughly yet again.

Also, no error appears in the resentencing proceedings or the trial court's decision denying resentencing.  In finding that defendant's petitions did not make a prima facie showing, the trial court noted that defendant admitted he was the actual killer and that the jury received no instructions on felony murder or the natural and probable consequences theory.  Thus, as the court's ruling implied, the jury could not have convicted defendant on either theory for which it was not instructed, and therefore on a theory of liability affected by Senate Bill No. 1437.  (See *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.)  The court properly relied on the jury instructions in reaching its conclusion.  (See *People v. Lewis* (2021) 11 Cal.5th 952, 970 [trial court may rely on the record of conviction to determine

8

whether section 1172.6 prima facie showing is made]; *People v. Soto*, *supra*, 51 Cal.App.5th at p. 1055 [jury instructions are part of the record of conviction].)  Without a hint of error in the resentencing proceedings or the trial court's decision to deny resentencing, we decline to exercise our discretion to again review the trial record in this case.

## DISPOSITION

The trial court's June 21, 2022 order denying defendant's section 1172.6 petition is affirmed.

_____
Richman, J.

We concur:


_____
Stewart, P.J.


_____
Markman, J. *


*People v. Cruz* (A165989)

*Superior Court of Alameda County, Judge Michael Markman, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.